# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | 1: 11-cv-00276-BAM<br><br>**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I. INTRODUCTION

Pending before the Court is plaintiff Pamela Harris'("Plaintiff") motion for summary judgment and the cross-motion for summary judgment of defendant Commissioner of Social Security ("Commissioner"). Plaintiff seeks judicial review of an administrative decision denying her claim for Supplemental Security Income disability benefits pursuant to 42 U.S.C. §§ 1382c, 416, 423.

Plaintiff filed her complaint on January 31, 2011. (Doc. 1.) Plaintiff filed her summary judgment motion on August 10, 2011. ( Doc. 12.) The Commissioner filed his summary judgment cross-motion and opposition on August 24, 2011. (Doc. 13.) Both parties have consented to conduct all proceedings before the assigned United States Magistrate Judge. (Doc. 7, 8.) The matter was reassigned to the undersigned magistrate judge on October 17, 2011. (Doc. 14.) The matter is currently before the Court on the parties' briefs, which were submitted

without oral argument to United States Magistrate Judge Barbara A. McAuliffe. Having considered the administrative record and the parties' briefs, the Court issues the following order.

## II.  BACKGROUND

**A.  Overview of Administrative Proceedings**

On April 14, 2008, Plaintiff applied for Disability Insurance Benefits pursuant to Titles II and XVI of the Social Security Act (the "Act"). (Administrative Record, "AR," at 84-94.) Plaintiff's application was denied on initial review and again on reconsideration. (AR at 34-42.) Thereafter, Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ"). On March 11, 2010, Plaintiff appeared with counsel and testified before the ALJ. (AR at 16-33.) In a decision dated January 27, 2010, the ALJ found that Plaintiff was not disabled under the Act. (AR at 9-15.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (AR at 1-5.) Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g).

**B.  Medical History**

The entire medical record was reviewed by the Court. (AR at 171-372.) The Court will refer to the medical evidence to the extent it is necessary to the Court's decision.

**C.  Testimony Presented At the Administrative Hearing**

Plaintiff was born on January 14, 1954. (AR at 19.) Plaintiff completed a tenth grade education. (AR at 19.) Plaintiff currently lives in a home with her granddaughter and her significant other. (AR at 21.) Plaintiff's last employment activity was as an office worker and diecast operator in 2008. (AR at 20.)

Plaintiff alleged disability beginning April 9, 2008, due to tendinitis, carpal tunnel, a torn rotator cuff and arthritis in her knees. (AR at 19, 26.) Plaintiff testified she does minimal household chores, and generally spends her days socializing with her friends. (AR at 22.) Plaintiff testified she can walk for about 15 minutes at a time, sit for an hour at a time and stand for 15-20 minutes. (AR at 25-28.) Plaintiff also testified she had only minimal grasping and manipulative abilities with her right hand. (AR at 26-30.)

A vocational expert (the "VE") testified at the Administrative Hearing.  (AR at 30.)  The VE testified that, based on Plaintiff's testimony, Plaintiff's past relevant work was categorized as a diecast operator, and a general clerk.  (AR at 31.)  The ALJ questioned the VE about a hypothetical individual who could: sit for six hours out of an eight hour day; stand for six hours out of an eight hour day; walk for six hours out of an eight hour day; occasionally lift ten pounds; frequently lift less than 10 pounds; occasionally climb ladders; could not push or pull with the right upper extremity or work at or above the shoulder level with the right upper extremity.  The VE testified that such an individual could not perform work as a diecasting operator, however, could perform work as a general clerk as it is performed in the national economy, as well as how it was performed by Plaintiff.  (AR at 32.)

**D.     ALJ Findings**

The ALJ determined that Plaintiff was not disabled within the meaning of the Act.  Specifically, the ALJ found that:

1. Plaintiff has the following severe impairments: right rotator cuff tear; osteoarthritis in the knees; and obesity;
2. Plaintiff does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1(20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926);
3. Plaintiff has the following residual functional capacity: Plaintiff can sit for six hours, stand for six hours and walk for six hours in an eight hour work day; lift and carry 10 pounds occasionally and less than 10 pounds frequently; climb ladders occasionally; never push or pull with the dominant right upper extremity; and never reach at or above the shoulder level with the right upper extremity.
4. Plaintiff is capable of performing past relevant work as a general clerk;
5. Plaintiff has not been under a disability, as defined in the Act, from April 9, 2008, the alleged onset date, through the date of the ALJ's decision.

(AR at 9-15.)

### III. DISCUSSION

**A. Standard of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405 (g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The record as a whole must be considered, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler,* 760 F.2d 993, 995 (9th Cir. 1985). This Court must uphold the Commissioner's determination that the claimant is not disabled if the Secretary applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A). A claimant must show that she has a physical or mental impairment of such severity that she is not only unable to do her previous work, but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

Plaintiff argues the ALJ erred for the following reasons: (1) the ALJ failed to provide clear and convincing reasons to discredit Plaintiff's subjective pain symptoms; (2) the ALJ failed to provide specific and legitimate reasons for rejecting the opinion of Plaintiff's treating physician; and (3) the ALJ failed to properly consider Plaintiff's obesity in her residual functional capacity.

**B.     The ALJ's Evaluation of Plaintiff's Subjective Symptom Testimony**

**1.      Legal Standard**

Plaintiff argues the ALJ failed to provide clear and convincing reasons to reject Plaintiff's testimony concerning her walking, standing and sitting limitations, as well as Plaintiff's inability to use her right arm.

A two step analysis applies at the administrative level when considering a claimant's subjective symptom testimony. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). First, the claimant must produce objective medical evidence of an impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Id*. at 1281-1282. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of her symptoms only if he makes specific findings that include clear and convincing reasons for doing so. *Id*. at 1281. The ALJ must "state which testimony is not credible and what evidence suggests the complaints are not credible." *Mersman v. Halter*, 161 F.Supp.2d 1078, 1086 (N.D. Cal. 2001) ("The lack of specific, clear, and convincing reasons why Plaintiff's testimony is not credible renders it impossible for [the] Court to determine whether the ALJ's conclusion is supported by substantial evidence"); SSR 96-7p (ALJ's decision "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and reasons for that weight").

An ALJ can consider many factors when assessing the claimant's credibility. *See Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ can consider the claimant's reputation for truthfulness, prior inconsistent statements concerning his symptoms, other testimony by the claimant that appears less than candid, unexplained or inadequately explained failure to seek treatment, failure to follow a prescribed course of treatment, claimant's daily activities, claimant's work record, or the observations of treating and examining physicians. *Smolen,* 80 F.3d at 1284; *Orn v. Astrue,* 495 F.3d 625, 638 (9th Cir. 2007).

**2.      ALJ's Evaluation of the Evidence**

As a preliminary matter, the ALJ partially accepted Plaintiff's subjective symptom testimony. The ALJ credited, in part, Plaintiff's testimony concerning the use limitations of her right arm in his

5

residual functional capacity finding. (AR at 12.) The ALJ additionally provided clear and convincing reasons to partially reject Plaintiff's subjective symptom testimony. The ALJ observed the majority of physicians opined Plaintiff could perform a restricted range of light work despite her limitations. While objective medical evidence can not be the sole reason to reject a claimant's subjective symptom testimony, it can be considered among other factors, and an ALJ need not regard a claimant's self-serving statements to the extent they are unsupported by objective findings. *Nyman v. Heckler,* 779 F.2d 528, 531 (9th Cir. 1986); *Stiles v. Astrue,* 2009 WL 2500732 (E.D. Cal. 2009) ("in evaluating a claimant's subjective testimony regarding pain and the severity of symptoms, the ALJ may consider the presence or absence of supporting objective medical evidence, along with other factors."); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir.1991) (en banc).

For example, Plaintiff's treating physician, Paul Caviale, M.D., provided a functional assessment opining that Plaintiff could sit, stand and walk without limit, and that Plaintiff had no limitation on gross and fine manipulation. (AR at 284.) Similarly, examining physician Donald Pang, M.D. opined that while Plaintiff should avoid repetitive work at or above the shoulder level, Plaintiff could perform her job duties as an administrative assistant. (AR at 202-4, 244.) Examining physician Theodore Georgis, Jr., M.D. concluded Plaintiff could sit without limitation, stand and walk for six hours in an eight hour day, and only limited Plaintiff to avoid "repetitive or forceful gripping or grasping with the right hand." (AR at 311-312.) Reviewing physician Julie Mitchell, M.D. opined Plaintiff could sit, stand an walk for 6 hours in an eight hour workday, and had no gross or fine manipulation limitations. (AR at 217-221.)

Additionally, the ALJ cited evidence of Plaintiff's potential malingering and exaggeration of symptoms. Evidence of malingering arguably relieved the ALJ from the burden of providing specific, clear, and convincing reasons to discount Plaintiff's testimony. *Baghoomian v. Astrue*, 319 Fed. Appx. 563, 566 (9th Cir. 2009); *See Williamson v. Comm'r of Soc. Sec.,* No. 10-35730, 2011 WL 2421147 at *1 (9th Cir. June 17, 2011) (although claimant "present[ed] objective medical evidence of an underlying impairment and there [was] no evidence of malingering . . . , the ALJ . . . [properly] discount[ed her] testimony based on [a doctor's] observation that there was reason to suspect that [she] exaggerated her symptoms") (relying on *Tonapetyan v. Halter*, 242 F.3d 1144,

1148 (9th Cir. 2001) (holding that a credibility determination based on, among other things, a tendency to exaggerate, was supported by substantial evidence).

Dr. Pang observed that Plaintiff exerted less than full effort on testing of her grip strength. (AR at 205.) The ALJ also cited to Dr. Georgis' report of multiple instances of suspected exaggeration:

> The record includes statement by an examiner suggesting the claimant was engaging in possible exaggeration of symptoms. During an orthopedic evaluation, the claimant appeared to be very apprehensive with any kind of touching of her arm or examination of her shoulder. The doctor wrote that this behavior was "out of proportion to what I would expect, indicating possible over-exaggeration." This is contrast to the objective evidence which showed negative impingement sign and no obvious rotator cuff weakness clinically. The doctor also noted that the claimant showed very significant tenderness over both knees with even the lightest touching and wrote that the claimant appeared "very jumpy when I even approached to examine the region." The claimant had this reaction despite a lack of swelling, effusion, deformity or instability. The doctor concluded that the claimant's regional pain responses were "suspicions for exaggeration with extreme reaction to even the lightest touching."

(AR at 12-13, 307-312.) As Plaintiff's subjective symptom testimony was unsupported by the medical record as a whole, coupled with the opinions of multiple physicians who suspected Plaintiff exaggerated her symptoms, the ALJ provided clear and convincing reasons to partially reject her testimony.

**C.     The ALJ's Medical Opinion Testimony Evaluation**

**1.     Legal Standard**

In the hierarchy of physician opinions considered in assessing a social security claim, "[g]enerally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's." *Holohan v. Massanari,* 246 F.3d 1195, 1202 (9th Cir.2001); 20 C.F.R. § 404.1527(d)(1)-(2). The opinion of an examining physician is entitled to greater weight than the opinion of a nonexamining physician. *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir.1990); *Gallant v. Heckler*, 753 F.2d 1450 (9th Cir.1984). The Commissioner must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician. *Pitzer*, 908 F.2d at 506. If contradicted by another doctor, the opinion of an examining doctor can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record.

*Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). "This burden can be met by providing a detailed summary of the facts and conflicting clinical evidence, along with a reasoned interpretation thereof." *Rodriguez v. Bowen,* 876 F.2d 759, 762 (9th Cir. 1989).

Notwithstanding the above discussion, an ALJ is not required to accept an opinion of a treating physician, or any other medical source, if it is conclusory and not supported by clinical findings. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Additionally, an ALJ is not bound to a medical source's opinion concerning a claimant's limitations on the ultimate issue of disability. *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989). If the record as a whole does not support the medical source's opinion, the ALJ may reject that opinion. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). Items in the record that may not support the physician's opinion include clinical findings from examinations, conflicting medical opinions, conflicting physician's treatment notes, and the claimant's daily activities. *Id.*; *Bayliss v. Barnhart*, 427 F.3d 1211 (9th Cir. 2005); *Connett v. Barnhart,* 340 F.3d 871 (9th Cir. 2003); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595 (9th Cir.1999).

### 2. The ALJ Properly Evaluated Medical Opinion Testimony

Plaintiff argues the ALJ improperly rejected the medical opinion testimony of Plaintiff's treating physician, Dr. Lynch, who opined that Plaintiff could not stand or walk for more than two hours during an eight hour work-day, and could not sit for more than two hours during an eight-hour workday. (AR at 304-06.)

The ALJ properly disregarded the limitations recommended by Dr. Lynch. All other treating, examining and non-examining physician's offered opinions which contradicted those of Dr. Lynch. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("independent clinical findings that differ from the findings of the treating physician [are] are substantial evidence"); *accord, Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Plaintiff's argument that the ALJ rejected treating physician testimony in favor of non-treating physician testimony misstates the medical record.

The ALJ gave controlling weight to the opinion of treating physician Dr. Caviale, who treated Plaintiff for almost three years. (AR at 13, 115, 171-175, 196-200, 267-277.) The ALJ

8

adopted Dr. Caviale's assessment that Plaintiff could carry and lift up to 10 pounds; sit, stand, and walk for 6 hours; and never push and pull or perform work at above shoulder level with the right arm. (AR at 12-13, 283-285.) Dr. Caviale's opinion was properly accorded controlling weight because it was well-supported by medically acceptable clinical and laboratory diagnostic techniques and consistent with other substantial evidence in the record. (AR at 13.) *See* 20 C.F.R. §§ 404.1527(d)(2) (2010) (assessing weight of medical opinions based, in part, on support "by medically acceptable clinical and laboratory diagnostic techniques"); 416.927(d)(2).

Resolving the discrepancy between the differing opinions of these treating physicians, the ALJ noted Dr. Lynch based his limitations solely on the diagnosis of osteoarthritis, however, x-rays of Plaintiff's knees and shoulder revealed only minimal findings. (AR at 14, 291-293.) *See Tonapetyan,* 242 F.3d at 1149 ("ALJ need not accept a treating physician's opinion . . . unsupported by clinical findings"). Further, Dr. Caviale's opinions were reaffirmed by every other examining and reviewing physician, Drs. Pang, Mitchell, and Georgis, Jr. (AR at 12-14, 207, 217-221, 311-312.) *See, e.g., Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir. 1996) (the findings of a non-treating, non-examining physician can amount to substantial evidence, so long as other evidence in the record supports those findings); *Andrews v. Shalala,* 53 F.3d 1035, 1041 (9th Cir. 1995) ("[T]he opinion of a non-treating source . . . based on independent clinical findings . . . may itself be substantial evidence"). Accordingly, the ALJ properly evaluated medical opinion testimony by affording controlling weight to the opinions of a treating physician that were supported by substantial evidence in the record, and rejecting the opinions of a treating physician for specific and legitimate reasons supported by substantial evidence in the record.

**C.     Plaintiff's Obesity**

Plaintiff argues the ALJ erred in failing to account for the effect of Plaintiff's obesity on her ability to perform work. While it is true an ALJ is required to consider a claimant's obesity in her residual functional capacity finding, *see Celaya v. Barnhart*, 332 F.3d 1177, 1181 (9th Cir. 2003), a claimant is nonetheless required make a showing that her obesity causes impairment or exacerbated her other impairments. *See Burch,* 400 F.3d at 682. ("An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an

equivalency determination, unless the claimant presents evidence in an effort to establish equivalence."); *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir.2001) (the ALJ's failure to consider equivalence was not reversible error because the claimant did not offer any theory, plausible or otherwise, as to how his impairments combined to equal a listing impairment). Here, Plaintiff did not offer and evidence or theory that Plaintiff's obesity affected her ability to work. Absent such a showing, the ALJ was not required to speculate on any potential limiting effects of her obesity.

### IV.   CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, it is hereby ORDERED that:

1. Plaintiff Pamela Harris' motion for summary judgment be DENIED;
2. The Commissioner's cross-motion for summary judgment is GRANTED;
3. The Clerk of Court enter judgment in favor of the Commissioner of Social Security, and against Plaintiff Pamela Harris.

IT IS SO ORDERED.

Dated:   **September 26, 2012**            /s/ **Barbara A. McAuliffe**
                                                                UNITED STATES MAGISTRATE JUDGE